# In the United States Court of Federal Claims

| | |
|---|---|
| **ADVANCE CITA, INC.,**<br><br>***Plaintiff,***<br><br>**v.**<br><br>**THE UNITED STATES,**<br><br>***Defendant.*** | No. 26-152<br>(Filed: September 2, 2026) |

*Edgar L. Sanchez-Mercado*, ESM Law Office, San Juan, Puerto Rico, for Plaintiff.

*David M. Kerr*, Senior Trial Counsel, *Lisa L. Donohue*, Assistant Director, *Patricia M. McCarthy*, Director, Commercial Litigation Branch, *Brett A. Shumate*, Assistant Attorney General, Civil Division, United States Department of Justice, Washington, DC, for Defendant. *Jason Fragoso*, Trial Attorney, United States Department of Veterans Affairs, Washington, DC, of counsel.

## OPINION AND ORDER

**HADJI,** ***Judge.***

Plaintiff filed this action against the Department of Veterans Affairs, seeking reinstatement of a vendor contract and monetary damages under the Contract Disputes Act, 41 U.S.C. §§ 7101-09. ECF 13. The Government moved to dismiss this case for lack of subject matter jurisdiction, or alternatively for failure to state a claim upon which relief can be granted. ECF 14. For the following reasons, the Government's Motion to Dismiss (ECF 14) is **GRANTED**, and this case is **DISMISSED** for failure to state a claim upon which relief can be granted.

## BACKGROUND

Plaintiff, Advance Cita, Inc., is a Puerto Rico corporation. ECF 13 ¶ 19. Since 2022, Plaintiff has been a vendor for a subsidiary of the Department of Veterans Affairs (VA), the VA Caribbean Healthcare System (VACHS). ECF 13 ¶¶ 22, 25. Specifically, Plaintiff has provided veterans with rides to their appointments through the Veterans Transportation Program at VACHS. ECF 13 ¶ 25. That relationship has been governed by various agreements over the years. *See* ECF 13 ¶ 25. Most recently, on January 8, 2025, VACHS Mobility Manager Lisandra Nieves sent Plaintiff a memorandum with the following subject line: "Vendors Agreements for Veterans Transportation, Payment Process and Business

Rules." ECF 13 ¶ 28; ECF 14-1 at 6-8.[1] Plaintiff's CEO, Juan G. Andino Ramos, signed the Vendor Agreement. ECF 13 ¶ 28; ECF 14-1 at 8. He also signed two Rate Agreements, which list the rates to be paid for two different categories of rides: common carrier rides and wheelchair van rides. ECF 14-1 at 9-10.

On July 29, 2025, VACHS terminated its relationship with Plaintiff in a letter titled "Immediate Termination of Services – Misconduct and Non-Compliance." ECF 13 ¶ 29. Plaintiff sent various communications to VACHS challenging this termination (on August 18, September 4, September 9, and September 22, 2025). ECF 13 ¶¶ 30, 33-34, 37. On September 29, 2025, VACHS responded with a letter listing four incidents that it says established a "repeated pattern of unprofessional conduct in violation of the agreed-upon standards governing vendor participation." ECF 13 ¶¶ 39, 50. In response, Plaintiff submitted an "Official Claim" to VACHS, disputing these allegations and asking whether VACHS's September 29 letter constituted the final decision of the contracting officer. ECF 13 ¶¶ 40-42, 44, 50-52. As of January 30, 2026, when this case was filed, VACHS had not responded. ECF 13 ¶ 43. And as of September 30, 2025, "all outstanding payments owed to [Plaintiff] were paid in full." ECF 13 ¶ 32.

## LEGAL STANDARDS

This Court, like all federal courts, is a court of limited jurisdiction; its jurisdiction is generally defined by the Tucker Act, 28 U.S.C. § 1491. *See Southfork Sys., Inc. v. United States*, 141 F.3d 1124, 1132 (Fed. Cir. 1998). The Tucker Act grants this Court "jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States … in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). Because "[t]he Tucker Act does not, of itself, create a substantive right enforceable against the United States … the plaintiff must identify a separate contract, regulation, statute, or constitutional provision that provides for money damages against the United States." *Smith v. United States*, 709 F.3d 1114, 1116 (Fed. Cir. 2013) (citation omitted).

Court of Federal Claims Rule 12(b)(1) permits dismissal for lack of subject matter jurisdiction.[2] If the Court determines that it lacks subject matter jurisdiction, it must dismiss the action. Rule 12(h)(3); *see Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). When considering whether dismissal for lack of subject matter jurisdiction is proper, the Court accepts as true all undisputed facts in the pleadings and draws all reasonable inferences in favor of the plaintiff. *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011). The Court may, however, "inquire into jurisdictional

[1] The parties use different terms to refer to this document, which is at the heart of this dispute. Plaintiff calls it a Vendor Agreement, *see* ECF 13 ¶ 25, while the Government calls it the "Vendors Agreement memorandum," *see* ECF 14 at 8. For simplicity, the Court will refer to it as the Vendor Agreement.

[2] Court of Federal Claims Rule 12(b)(1) is the same as Federal Rule of Civil Procedure 12(b)(1). *Compare* RCFC 12(b)(1) *with* Fed. R. Civ. P. 12(b)(1).

facts" to determine whether it has jurisdiction. *Rocovich v. United States*, 933 F.2d 991, 993 (Fed. Cir. 1991).

Rule 12(b)(6) permits the Court to dismiss an action for failure to state a claim upon which relief may be granted.[3] Dismissal is proper under Rule 12(b)(6) "when a complaint does not allege facts that show the plaintiff is entitled to the legal remedy sought." *Steffen v. United States*, 995 F.3d 1377, 1379 (Fed. Cir. 2021). The Court "must accept as true all the factual allegations in the complaint and … must indulge all reasonable inferences in favor of the non-movant." *Fishermen's Finest, Inc. v. United States*, 59 F.4th 1269, 1274 (Fed. Cir. 2023) (quoting *Conti v. United States*, 291 F.3d 1334, 1338 (Fed. Cir. 2002)). To survive a challenge pursuant to Rule 12(b)(6), a plaintiff must plead more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* "Although [the Court] primarily consider[s] the allegations in a complaint," when considering whether a plaintiff failed to state a claim, the Court is "not limited to the four corners of the complaint" and "may also look to 'matters incorporated by reference or integral to the claim, items subject to judicial notice, [and] matters of public record.'" *Dimare Fresh, Inc. v. United States*, 808 F.3d 1301, 1306 (Fed. Cir. 2015).

## DISCUSSION

Plaintiff's case hinges on whether it has a contract with the Government. Accordingly, the central question is whether the Vender Agreement is a contract. The Government argues that the Vendor Agreement lacks the required elements of a contract and argues for dismissal under Rules 12(b)(1) or 12(b)(6). *See* ECF 14 at 13-17. The Court addresses these arguments in turn.

### I. Jurisdiction

Turning first to the Government's jurisdictional challenge, the Court finds it has jurisdiction to consider Plaintiff's claim. "A well-pleaded allegation in the complaint is sufficient to overcome challenges to jurisdiction." *Trauma Serv. Grp. v. United States*, 104 F.3d 1321, 1325 (Fed. Cir. 1997). "[A]lleging a contract with the government suffices to trigger the Tucker Act's grant of jurisdiction 'upon any express or implied contract with the United States,' and … the proper basis for a dismissal, if warranted, [is] the failure to state a claim upon which relief can be granted." *Engage Learning, Inc. v. Salazar*, 660 F.3d 1346, 1354 (Fed. Cir. 2011) (citing *Gould, Inc. v. United States*, 67 F.3d 925, 929-30 (Fed. Cir. 1995)); *see also Lewis v. United States*, 70 F.3d 597, 602 (Fed. Cir. 1995) (holding that the proper disposition for failure to establish the existence of an alleged contract as a matter of law is dismissal for failure to state a claim, not for lack of jurisdiction). Here, Plaintiff alleges that an express contract underlies its claim. ECF 13 ¶¶ 26. This allegation

[3] Court of Federal Claims Rule 12(b)(6) is the same as Federal Rule of Civil Procedure 12(b)(6). *Compare* RCFC 12(b)(6) *with* Fed. R. Civ. P. 12(b)(6).

suffices to establish this Court's jurisdiction. *See Trauma Serv. Grp.*, 104 F.3d at 1325 (deeming the same bare allegation sufficient to confer jurisdiction).

## II. Dismissal for Failure to State a Claim

To state a claim upon which relief can be granted in a case based on a contract theory, Plaintiff must allege either an express or an implied-in-fact-contract. *Trauma Serv. Grp.*, 104 F. 3d at 1325; *see also* 41 U.S.C. § 7102(a) (Contract Disputes Act "applies to any express or implied contract … made by an executive agency for" certain purposes). As discussed, the Government argues that the Vendor Agreement lacks the required elements of a contract. *See* ECF 14 at 13-17. Rather, the Government argues, the Vendor Agreement is a basic ordering agreement, which is not a contract. *See* ECF 14 at 14-15. Plaintiff argues that the Vendor Agreement and associated Rate Agreements are an express contract, or at a minimum, in conjunction with the parties' multi-year history of working together, they constitute an implied-in-fact contract. ECF 1 ¶ 26; ECF 15 at 1, 4-7. The Court addresses Plaintiff's primary and alternative arguments in turn.

### A. <u>Vendor Agreement</u>

Four basic requirements must be met to form a binding agreement with the Government: (1) mutuality of intent to contract; (2) unambiguous offer and acceptance; (3) consideration; and (4) a Government representative with actual authority to bind the United States in contract. *Anderson v. United States*, 344 F.3d 1343, 1353 (Fed. Cir. 2003). If any of the four elements are not satisfied, there is no contract. *See id.* And failure to establish the existence of a contract with the Government warrants dismissal for failure to state a claim upon which relief can be granted. *See Engage Learning*, 660 F.3d at 1354.

The Government argues that the Vendor Agreement lacks offer, acceptance, and consideration, because it does not involve any mutual exchange or any binding promises. *See* ECF 14 at 13-14. Instead, the Government argues that the terms of the Vendor Agreement make it similar to a basic ordering agreement (BOA), which is not a contract. *See Id.* at 14-15. In response, Plaintiff makes a conclusory argument that "[d]efinitiveness of offer and acceptance of obligations was clearly present" in the Vendor Agreement, without citing any legal authority. *See* ECF 15 at 4-5. Plaintiff also argues that mutual agreement on a rate structure is sufficient consideration, even without a guaranteed volume of orders. *Id.* at 5. As explained below, the Court agrees with the Government that the Vendor Agreement is not a contract because it lacks offer, acceptance, and consideration; it is best described as an ordering agreement.

The contents of the Vendor Agreement do not demonstrate offer and acceptance. "To satisfy its burden to prove … mutuality of intent, a plaintiff must show, by objective evidence, the existence of an offer and a reciprocal acceptance." *Anderson*, 344 F.3d at 1353. "It is fundamental that in order to have a valid contract one party must make an offer that is a promise which is conditional upon receipt by the offeror of some act or promise from the offeree, and the offer must be accepted as to all its terms by the offeree." *Estate of Bogley v. United States*, 514 F.2d 1027, 1032 (Ct. Cl. 1975). Here, the stated purpose of

the Vendor Agreement is to provide clarity around the processes and rules governing transportation orders. ECF 14-1 at 6. The document also appears to have been sent to all transportation vendors participating in this program, not only to Plaintiff. *Id.* And the signature page indicates that Plaintiff's signature is merely to "acknowledge receipt of this communication." *Id.* at 8. Signing an acknowledgement of receipt does not convey unambiguous mutual intent to contract. *See Harlem Globetrotters Int'l, Inc. v. United States*, 168 Fed. Cl. 31, 41 (2023) ("[Plaintiff]'s return of the signed Notice of Award and initialed acknowledgement of its requirements fails to indicate a mutual intent to contract for the same reason that issuing the Notice of Award does not suffice."). The document contains a sign-off ("Sincerely, LISANDRA NIEVES"), ECF 14-1 at 8, but that does not show the intent necessary to transform the memorandum into the clear offer required to create a contract.

The Vendor Agreement also lacks consideration. Consideration requires "mutuality of obligation." *Ace-Fed. Reps., Inc. v. Barram*, 226 F.3d 1329, 1332 (Fed. Cir. 2000). "Consideration is '[s]omething of value (such as an act, a forbearance, or a return promise) received by a promisor from a promisee.'" *AG Route Seven P'ship v. United States*, 57 Fed. Cl. 521, 532 (2003), *aff'd sub nom. AG Route Seven P'ship v. F.D.I.C.*, 104 F. App'x 184 (Fed. Cir. 2004) (alteration in original) (quoting *Black's Law Dictionary* 300 (7th ed.1999)). "A promise or apparent promise is not consideration if by its terms the promisor or purported promisor reserves a choice of alternative performances...." *Crewzers Fire Crew Transp., Inc. v. United States*, 741 F.3d 1380, 1382 (Fed. Cir. 2014) (quoting Restatement (Second) of Contracts § 77 (1979)).

Here, neither party to the Vendor Agreement is bound to do anything. The Government is not obligated to do anything, unless it decides to direct a transportation request to Plaintiff. *Cf. Mod. Sys. Tech. Corp. v. United States*, 979 F.2d 200, 202 (Fed. Cir. 1992) (holding that a similar agreement "itself d[id] not create any enforceable obligations between either party. Only accepted orders would create any obligations."). And even then, Plaintiff reserves the right to not accept a request. *See* ECF 14-1 at 6 ("If Vendor ha[s] the capability to perform the trip, he/she will accept the case…."). Both the Government and Plaintiff made only illusory promises in this agreement. *See Crewzers*, 741 F.3d at 1382-83 (finding promises illusory when Government was not required to direct any orders to a plaintiff, and where plaintiff only had to accept orders if it was "willing and able"). "It is axiomatic that a valid contract cannot be based upon the illusory promise of one party, much less illusory promises of both parties." *Id.* at 1383 (quoting *Ridge Runner Forestry v. Veneman*, 287 F.3d 1058, 1062 (Fed. Cir. 2002)).

The Vendor Agreement is similar to a basic ordering agreement, which is a category of non-contractual agreements. The FAR defines BOAs as follows:

> A basic ordering agreement is a written instrument of understanding, negotiated between an agency, contracting activity, or contracting office and a contractor, that contains (1) terms and clauses applying to future contracts (orders) between

> the parties during its term, (2) a description, as specific as practicable, of supplies or services to be provided, and (3) methods for pricing, issuing, and delivering future orders under the basic ordering agreement. A basic ordering agreement is not a contract.

FAR 16.703(a). The Vendor Agreement and related Rate Agreements precisely fit this definition. Together, they establish the processes for assigning and accepting transportation requests, describe the invoice and payment processes after the completion of a request, and set the rates for the rides. *See* ECF 14-1 at 6-10. The Vendor Agreement is "contemplative of future contracts." *Modern Sys. Tech. Corp.*, 979 F.2d at 202. In this case, the "orders" are transportation requests. Once the Government makes a transportation request, and Plaintiff accepts the request, the parties have mutual obligations. Plaintiff acknowledges that the transportation requests are the "orders" contemplated in the agreement, while erroneously claiming the Rate Agreements are also orders. *See* ECF 15 at 5-6. Plaintiff further acknowledges that "binding contracts arise when individual orders are issued *and accepted* under the BOA," and that "[e]ach trip assigned by VACHS *and completed by ACI* constituted an accepted order under the BOA framework." ECF 15 at 5-6 (emphasis added). Plaintiff has not alleged that any orders remain outstanding, and on the contrary Plaintiff has represented that "all outstanding payments owed to [Plaintiff] were paid in full." ECF 13 ¶ 32. Accordingly, there are no binding obligations arising out of the Vendor Agreement which this Court can enforce. Even accepting Plaintiff's allegations as true and making all reasonable inferences in its favor, Plaintiff has failed to establish the existence of an express contract with the Government. *See Fishermen's Finest*, 59 F.4th at 1274. Because the Court finds that the Vendor Agreement lacks offer, acceptance, and consideration, the Court does not need to address the Government's other contract formation arguments.

B. <u>Alleged Implied-in-Fact Contract</u>

Alternatively, Plaintiff argues that it had an implied-in-fact contract with VACHS. ECF 15 at 4-7. The four elements of contract formation "apply equally to express and implied-in-fact contracts." *Anderson*, 344 F.3d at 1353 n.3 (citing *Trauma Serv. Grp.*, 104 F.3d at 1325). "[O]nly the nature of the evidence differs." *Hanlin v. United States*, 316 F.3d 1325, 1328 (Fed. Cir. 2003). "[I]mplied-in-fact contracts are 'founded upon a meeting of the minds, which, although not embodied in an express contract, is inferred, as a fact, from conduct of the parties showing, in light of the surrounding circumstances, their tacit understanding.'" *Portland Mint v. United States*, 102 F.4th 1371, 1378 (Fed. Cir. 2024) (quoting *Lumbermens Mut. Cas. Co. v. United States*, 654 F.3d 1305, 1316 (Fed. Cir. 2011)).

Plaintiff has failed to satisfy the elements required to form an implied-in-fact contract. Plaintiff argues that the parties' "multi-year course of performance" constitutes an implied-in-fact contract, when understood in conjunction with the Vendor Agreement and Rate Agreements. ECF 15 at 1. But the Vendor Agreement and Rate Agreements do not evince the elements of contract formation—offer, acceptance, and consideration—as

discussed above. And the parties' course of performance—the only additional evidence cited by Plaintiff—does nothing to help Plaintiff satisfy its burden to prove the elements of a contract. In fact, the parties' transactions before 2025 were conducted under prior Vendor Agreements, with potentially different terms and rates. *See* ECF 13 ¶ 25. And Plaintiff has not explained how the parties' issuance and acceptance of orders under the Vendor Agreements could have given rise to enforceable, mutual obligations beyond the completion and payment of each order. Without those obligations, there is no valid and enforceable contract. *See Ace-Fed. Reps.*, 226 F.3d at 1332. Because Plaintiff has further conceded that "all outstanding payments owed to [Plaintiff] were paid in full," ECF 13 ¶ 32, there are no binding obligations for this Court to enforce. Therefore, Plaintiff's implied-in-fact contract argument fails for the same reasons as its express contract argument. *See Anderson*, 344 F.3d at 1353 n.3. Because Plaintiff has failed to establish the existence of a contract under either of its theories, Plaintiff has failed to state a claim upon which relief can be granted. *See Engage Learning*, 660 F.3d at 1354.

## CONCLUSION

For the foregoing reasons, the Government's Motion to Dismiss (ECF 14) is **GRANTED**, and this case is **DISMISSED** for failure to state a claim upon which relief can be granted. The Clerk is directed to enter judgment.

**IT IS SO ORDERED.**

PHILIP S. HADJI
Judge